# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

───────

No. 14-40300
Summary Calendar

───────

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

THOMAS GARCIA, JR., also known as Thomas Garcia,

Defendant - Appellant

───────

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-994-6

───────

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Thomas Garcia, Jr., challenges his guilty-plea conviction and sentence for possession, with intent to distribute, 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 841 & 18 U.S.C. § 2. In challenging his conviction, he contends his guilty plea was not knowing and voluntary because, prior to his pleading guilty, the district court misstated the statutory minimum and maximum terms of imprisonment. Therefore, Garcia asserts: he pleaded

───────

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

guilty without being correctly advised of the statutory range of punishment; and the court's failure violates Federal Rule of Criminal Procedure 11(b)(1).

Because he did not object to the claimed Rule 11 error in district court, review is for plain error. *E.g.*, *United States v. Vonn*, 535 U.S. 55, 59 (2002). Under that standard, Garcia must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.* Regarding Garcia's being required to show his substantial rights were affected, and for the reasons that follow, the record does not support a determination that, but for the court's initial misstatement regarding the statutory penalties, it is reasonably probable that Garcia, who was later advised by the court of the correct statutory minimum and maximum sentences, as well as by other sources, would not have pleaded guilty. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Rule 11 requires a district court to "inform the defendant of, and determine that the defendant understands . . . any maximum possible penalty, including imprisonment, fine, and term of supervised release[, and] any mandatory minimum penalty". Fed. R. Crim. P. 11(b)(1)(H), (I). Although the court initially informed Garcia incorrectly about his penalty range, it ultimately admonished him properly about his sentencing exposure. After the court asked Garcia whether he understood the penalties and intended to alter his guilty plea in the light of the revised admonishment, Garcia stated he understood his sentencing exposure, and the revised penalties did not change his intention to plead guilty. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (noting that sworn statements in open court are entitled to a "strong presumption of verity"). Thus, the court did not violate Rule 11 and the guilty

No. 14-40300

plea was knowing and voluntary.  *See* Fed. R. Crim. P. 11(b)(1)(H), (I); *Boykin v. Alabama*, 395 U.S. 238, 243–44 (1969).

AFFIRMED.